IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21–CR–224 |
| vs. | ORDER |
| ANTONIO LOPEZ-TIZNADO, | |
| Defendant. | |

This matter is before the Court on Defendant Antonio Lopez-Tiznado's Consent Motion for a Reduced Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Filing 152. On February 8, 2023, the undersigned sentenced the Defendant to be imprisoned for a term of 135 months following his conviction for conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 846. Filing 36; Filing 132. The parties now propose that based on retroactive application of Amendment 821 to the United States Sentencing Guidelines, this Court should reduce the Defendant's sentence. Filing 152. Specifically, the parties contend that a reduced sentence of 108 months is appropriate and have entered into a stipulation to this effect. Filing 153. At the request of the Defendant, the Court held a hearing to address this matter on April 11, 2024. Filing 158; Filing 160 (Text Minute Entry). During this hearing, the Court heard argument on the matter from both counsel for the Defendant and counsel for the Government. After considering the matters discussed at the hearing along with pertinent portions of the record in this case, the Court will deny the Defendant's Consent Motion because the relevant factors set forth in 18 U.S.C. § 3553(a) do not support the requested reduction, notwithstanding his eligibility for a reduction.

While the Court recognizes that the parties have reached an agreed upon sentence reduction that they believe is appropriate, the Court is not required to accept their stipulation. *Cf. United*

1

*States v. Ingram*, 91 F.4th 1271, 1273 (8th Cir. 2024) ("The court did not err in declining to accept the parties' sentencing recommendation"). Nor is the Court bound to resentence a defendant within his amended guideline range based on retroactive application of the United States Sentencing Guidelines—even if the defendant is eligible for such a reduction. *See United States v. Hernandez-Marfil*, 825 F.3d 410, 412 (8th Cir. 2016) (noting that although the defendant "was eligible for a reduction, § 3582(c)(2) does not create a right to it" and that a "district court has discretion to determine whether a reduction is warranted"); *see also United States v. Burrell*, 622 F.3d 961, 964 (8th Cir. 2010) (stating that a district court's decision under § 3582(c)(2) to reduce a sentence and the extent of any reduction" is reviewed "for an abuse of discretion"). This is consistent with the discretionary nature of the United States Sentencing Guidelines. *See Pepper v. United States*, 562 U.S. 476, 490 (2011) ("[A]lthough the 'Guidelines should be the starting point and the initial benchmark,' district courts may impose sentences within statutory limits based on appropriate consideration of all the factors listed in § 3553(a), subject to appellate review for 'reasonableness.'") (quoting *Gall v. United States*, 552 U.S. 38, 49–51 (2007)). The Court has considered all of the arguments raised by the parties, and—even though it did not necessarily have to—held a hearing to allow the parties an opportunity to present any additional matters in support of their positions. Having done so, the Court is still unconvinced that a sentencing reduction is appropriate in this case based on other relevant matters in the record and collective consideration of the § 3553(a) factors. *See United States v. Clark*, 563 F.3d 722, 724 (8th Cir. 2009) (noting the role § 3553(a) plays in sentence modification proceedings under § 3582(c)).

The Court recognizes that under Amendment 821, Mr. Lopez-Tiznado is eligible for a two-point reduction in his total offense level for being a so-called, "zero-point" offender (*i.e.*, he was not assessed any criminal history points in his Revised Presentence Investigation Report).

However, being a "zero-point offender" does not necessarily mean that one has zero record of past criminal involvement. *See generally* U.S.S.G. §§ 4A1.1 and 4A1.2. Mr. Lopez-Tiznado's case is illustrative. According to his Revised Presentence Investigation Report, on November 1, 2020, Mr. Lopez-Tiznado was arrested by the United States Border Patrol on the charge of Illegal Entry. This may not have qualified him for the assessment of any criminal history points under the Guidelines, but that does not mean the Court is prohibited from considering it under 18 U.S.C. § 3553(a). As the Eighth Circuit has explained,

> A defendant's illegal entry into this country is a voluntary act. It is also criminal misconduct. Like other prior criminal conduct, whether or not related to the offense of conviction, it is part of the "history and characteristics of the defendant" that the district court "shall consider" in imposing an appropriate sentence[.]

*United States v. Loaiza-Sanchez*, 622 F.3d 939, 942 (8th Cir. 2010).[1]

Mr. Lopez-Tiznado may not have committed any offenses that resulted in the assessment of criminal history points as far as the United States Sentencing Guidelines are concerned, but that does not necessarily mean he has lived a completely law-abiding life. This is not to say that defendants who have entered this country unlawfully should be denied the benefit of U.S.S.G. § 4C1.1. Indeed, the Court agrees that under the Guidelines Mr. Lopez-Tiznado qualifies for its application. The point is that in circumstances like this, the Court still has an affirmative obligation under 18 U.S.C. § 3553(a)(1) to consider the history and characteristics of the defendant in determining whether a sentence reduction is appropriate. *See Hernandez-Marfil*, 825 F.3d at 412; *Clark*, 563 F.3d at 724; *see also* U.S.S.G. § 1B1.10 cmt. n.1(B)(i). Here, that means the Court must consider the defendant's prior illegal entry and its relation to the offense of conviction. *See*

---

[1] *See also United States v. Naranjo*, 459 F. App'x 579, 580–81 (8th Cir. 2012) (per curiam) ("Finally, the district court did not err, let alone plainly err, by considering Naranjo's immigration status. The legality of an individual's immigration status is an appropriate sentencing factor").

3

*Loaiza-Sanchez*, 622 F.3d at 942. Having done so, the Court concludes that the requested sentence reduction would be inappropriate.

The Court simply cannot discount the following circumstances unique to this "zero-point offender's" particular case. On December 7, 2020, a little over a month after he was arrested for Illegal Entry, Mr. Lopez-Tiznado was "[e]xpelled to Mexico under Title 42 due to the COVID19 pandemic[.]" Filing 129 at 9. It is unclear when exactly he re-entered the United States illegally (which is itself a criminal offense under 8 U.S.C. § 1326), but it is clear that on July 19, 2021, around seven months later, Mr. Lopez-Tiznado was found in Omaha, Nebraska, in a vehicle that had approximately two pounds of methamphetamine in it and subsequent searches of his residence in Omaha revealed approximately 19 pounds of methamphetamine.[2] Filing 102 at 2. In other words, Mr. Lopez-Tiznado unlawfully entered this country, was expelled as a result, and within approximately seven months of his expulsion he had already come back to the Country and entered into a serious conspiracy to distribute methamphetamine. While the Court accepts that Mr. Lopez-Tiznado is "eligible" for a sentence reduction because he is a "zero-point" offender under the Guidelines, this is a situation in which collective consideration of the § 3553(a) factors counsels against granting him a sentence reduction notwithstanding his eligibility for one.

The Court has considered all factors outlined under 18 U.S.C. § 3553(a), including general deterrence, specific deterrence, protection of the public, the need to avoid unwarranted sentencing disparities, and the specific history and characteristics of the Mr. Lopez-Tiznado. *See* 18 U.S.C. § 3553(a)(1)–(2). The Court has also considered the seriousness of the conduct, the need to promote

---

[2] There is no question that Mr. Lopez-Tiznado reentered the country unlawfully. According to the Revised Presentence Investigation Report, "The defendant has entered the U.S. illegally on at least two occasions since 2020, and admits that his status in the U.S. is illegal." Filing 129 at 10. Counsel who represented Mr. Lopez-Tiznado at the time of sentencing expressly adopted the Revised Presentence Investigation Report and stated that he had "no objections, additions, or changes" to it. *See* Filing 127.

4

respect for the law, and the need to provide just punishment for the conduct at issue. *See* 18 U.S.C. § 3553(a)(2)(A). The Court acknowledges that it granted Mr. Lopez-Tiznado a significant break when it sentenced him to the low-end of the guideline range that was previously in effect. However, it cannot justify any further reduction after giving due consideration the § 3553(a) factors. By illegally reentering this country and committing a serious drug trafficking offense within it after having just been expelled months prior, Mr. Lopez-Tiznado exhibited a brazen disrespect for the law that—in this Court's experience—is not typical of the majority of "zero-point offenders" who come before it. Given this misconduct, the Court concludes that its originally imposed sentence remains necessary to promote respect for the law, provide just punishment for the conduct at issue, specifically deter Mr. Lopez-Tiznado from future criminal conduct as well as generally deter others from committing such crimes, and to account for the specific history and characteristics of Mr. Lopez-Tiznado. Moreover, a sentence of 135 months is still within Mr. Lopez-Tiznado's amended guideline custody range of 108 to 135 months. Filing 154 at 1.

This Court has granted the significant majority of sentence reductions jointly requested by the parties pursuant to Amendment 821. The Court anticipates that it will likely grant more consent motions in the days to come as they are filed. However, based upon its assessment of this specific case, the Court finds that even though the Defendant might be eligible for a sentencing reduction the § 3553(a) factors do not support such a reduction as to this particular defendant. Accordingly,

IT IS ORDERED: The Defendant's Consent Motion for a Reduced Sentence, Filing 152 and its accompanying Stipulation, Filing 153, are denied. The Defendant's sentence remains unchanged.

Dated this 25th day of April, 2024.

BY THE COURT:

Brian C. Buescher
United States District Judge